Filed 5/27/15  P. v. J.S. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060897 |
| v. | (Super.Ct.No. FELSS1303791) |
| J.S., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Lorenzo R. Balderrama, Judge.  Reversed.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, and Julie L. Garland, Arlene A. Sevidal and Sean M. Rodriquez, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant J.S. contends that the trial court erred when it dismissed as moot her petition pursuant to Penal Code[1] section 2966, subdivision (c), challenging the renewal of her involuntary commitment as a Mentally Disordered Offender (MDO). The People concede that our opinion in *People v. J.S.* (2014) 229 Cal.App.4th 163, 166, 174 (*J.S.*), regarding defendant's challenge to her initial commitment, requires reversal of the trial court's ruling. We agree with both parties, and therefore reverse the order dismissing defendant's petition.

## I. FACTS AND PROCEDURAL BACKGROUND

In a published opinion issued on August 26, 2014, we considered whether defendant's petition challenging her initial classification as a MDO was moot because it was not—through no fault of defendant—heard before expiration of her initial year of involuntary commitment. (*J.S.*, *supra*, 229 Cal.App.4th at pp. 166, 174.) We observed that "at least where the People seek to continue an offender's involuntary treatment beyond the initial one-year term, an offender's challenge to the validity of the initial determination that he or she qualifies as an MDO could have significant practical effects, and cannot be considered moot." (*Id.* at p. 171.) We therefore reversed the trial court's grant of the People's motion to dismiss the petition on the basis of mootness, and remanded for further proceedings. (*Id.* at p. 174.)

In the meantime, defendant was recertified as an MDO when her initial classification expired, in March 2013. The Board of Parole Hearings affirmed the

---

[1] Further undesignated statutory references are to the Penal Code.

recertification on August 29, 2013.  Defendant challenged that ruling in a petition filed in the trial court on September 3, 2013.  Counsel announced defendant's readiness for trial on October 28, 2013.  For various reasons—the details of which are unnecessary to recount for purposes of disposing of this appeal, other than to note that there is no indication of dilatory or obstructive conduct on the part of defendant—the matter was not heard prior to expiration of the renewed term of involuntary commitment.  On March 21, 2014, the trial court dismissed defendant's petition as moot.

## II. DISCUSSION

In *J.S.*, *supra*, 229 Cal.App.4th 163, we reasoned that "if an offender's initial commitment is improper, any extended commitment would also be improper."  (*Id.* at p. 171.)  This reasoning applies just as well to a renewed term of commitment.  An offender's recertification for a third year of involuntary commitment is contingent on the validity of the certification for the second year, for many of the same reasons that recertification for a second year is contingent on the validity of the initial commitment.  Defendant apparently remains subject to possible further involuntary commitment in San Bernardino County, even though the renewal challenged in her petition has expired, and even though she is apparently confined on a separate, unrelated commitment petition pursuant to sections 2970 and 2972, subdivision (c), in Napa County.[2]  As such, she is entitled to have her petition heard on the merits, unless the People choose not to attempt

---

[2] The People's request for judicial notice of records from Napa County Superior Court related to defendant's commitment there, filed on January 12, 2015, was unopposed by defendant, and is granted on that basis.  (Cal. Rules of Court, rule 8.54, subd. (c).)

3

to further extend her involuntary commitment based on the proceedings in San Bernardino County.

## III. DISPOSITION

The order appealed from is reversed, and the trial court is directed to proceed with adjudicating defendant's petition on the merits, unless the People choose to refrain from seeking any further extension of her commitment in San Bernardino County.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

                                    HOLLENHORST
                                           Acting P. J.

We concur:

MCKINSTER
                 J.

CODRINGTON
                 J.

4